UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NAVAL STORES SUPPLIERS, INC.,       :
D/B/A SOUTHERN BUILDERS             :
SUPPLY COMPANY,                     :
                    Plaintiff,      :
                                    :
     v.                             :        CA 10-332 S
                                    :
LGS CONSULTING, LLC,                :
LGS GROUP, LLC,[1] and              :
JAMES LAWSON, Individually,         :
                    Defendants.     :


**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Motion to Remand and for
Just Costs and Actual Expenses (Docket ("Dkt.") #3) ("Motion to
Remand" or "Motion").  The Motion has been referred to me for
preliminary review, findings, and recommended disposition
pursuant to 28 U.S.C. § 636(b)(1)(B).  After reviewing the
filings, listening to oral argument, and performing independent
research, I recommend that the Motion be granted.

**I.  Facts and Travel**

  **A.  Florida Proceedings**

    On March 26, 2010, Plaintiff Naval Stores Suppliers, Inc.,
d/b/a Southern Builders Supply Co. ("Plaintiff") filed its

---

[1] LGS Group, LLC ("LGS Group"), has been dismissed from the
action.  See Memorandum of Law in Support of Plaintiff's Motion to
Remand and for Just Costs and Actual Expenses ("Plaintiff's Remand
Mem.") at 2.

Complaint in the Circuit Court of the Third Judicial Circuit in and for Taylor County, Florida (the "Florida Circuit Court"), against LGS Consulting, LLC ("LGS Consulting"), LGS Group, LLC ("LGS Group"), and James Lawson ("Lawson"), seeking, among other things, money due on an open account.  Memorandum of Law in Support of Plaintiff's Motion to Remand and for Just Costs and Actual Expenses ("Plaintiff's Remand Mem.") at 1.  LGS Consulting was served via its registered agent on April 30, 2010, and Lawson was personally served on April 8, 2010.  Id. at 1-2.  LGS Group was never served and was formally dismissed from the action on May 5, 2010.  Memorandum of Law in Support of Plaintiff's Motion to Stay Proceedings Pending Resolution of Plaintiff's Motion to Remand ("Plaintiff's Stay Mem.") at 2 n.1.

In response to being served, Lawson filed a motion entitled "Motion to Dismiss by Defendant James Lawson [for] Lack of Jurisdiction of [sic] the Person Lawson [and] Lack of Subject Matter Jurisdiction over the Defendant[s] LGS Group, LLC[, and] LGS Consulting, LLC."  Id. at 2 (alterations in original). Plaintiff filed a timely response, and on July 19, 2010, the Florida Circuit Court issued an order denying Lawson's motion and requiring him to file an answer to the Complaint within 20 days. Id.  Instead of answering the Complaint, Lawson removed the action to this Court on or about August 6, 2010.  He filed his Notice of Removal to Federal District Court (Dkt. #1) ("Notice of

Removal") in this Court on August 6th and in the Florida Circuit

Court on August 9th.  <u>See</u> Plaintiff's Remand Mem. at 2.

### B.  Rhode Island Proceedings

On January 8, 2010, prior to the filing of Plaintiff's

Complaint, LGS Group filed for Chapter 7 bankruptcy protection in

the District of Rhode Island.  <u>See</u> Motion to Dismiss

Plaintiff['s] Motion to Remand [and] Motion to Dismiss the Action

due to Fraud upon the Court [and] Motion to Dismiss the Complaint

against the Defendant Lawson due to Submission of Fraudulent

Documents upon the Court (Dkt. #7)[2] ("Lawson's Motion to Dismiss"

or "Lawson's Motion"), Exhibit ("Ex.") 2 (Chapter 7 Petition for

LGS Group); <u>see also</u> Memorandum of Law in Support of Objection to

Defendant James Lawson's Motion to Dismiss ("Plaintiff's

Objection Mem.") at 4.  The bankruptcy case was dismissed on

February 11, 2010, Plaintiff's Objection Mem. at 4, but was

reinstated on March 24, 2010, two days prior to Plaintiff filing

its Complaint in the Florida Circuit Court, <u>see</u> <u>id.</u>  Plaintiff

indicates that it was unaware of the reinstatement when it filed

the Complaint, <u>see</u> <u>id.</u> at 4, 7, but Lawson contends that

Plaintiff was aware of the bankruptcy proceeding, <u>see</u> Motion to

---

[2] Defendant James Lawson ("Lawson") filed a corrected version of
this motion minus the exhibits.  <u>See</u> Motion to Dismiss Plaintiff['s]
Motion to Remand [and] Motion to Dismiss the Action due to
Plaintiff['s] Fraud upon the Court [and] Motion to Dismiss the
Complaint against the Defendant Lawson due to Submission of Fraudulent
Documents upon the Court (Docket ("Dkt.") #11) ("Lawson's Corrected
Motion to Dismiss" or "Lawson's Corrected Motion").  The Court
accordingly cites to the original motion when citing to the exhibits.

Dismiss Plaintiff['s] Motion to Remand [and] Motion to Dismiss the Action due to Plaintiff['s] Fraud upon the Court [and] Motion to Dismiss the Complaint against the Defendant Lawson due to Submission of Fraudulent Documents upon the Court (Dkt. #11) ("Lawson's Corrected Motion to Dismiss" or "Lawson's Corrected Motion") at 4-6.

As previously stated, Lawson filed a Notice of Removal in this Court on August 6, 2010. See Notice of Removal. Plaintiff filed the instant Motion to Remand on August 31, 2010. See Dkt. Lawson responded on September 7, 2010, by filing a document which he denominated as three motions to dismiss, but is more accurately described as being an objection to the Motion to Remand, a motion to dismiss the action due to fraud upon the court, and a motion to dismiss Lawson from the action due to the submission of fraudulent documents. See Lawson's Motion to Dismiss.

On September 24, 2010, Plaintiff filed a motion to stay proceedings pending resolution of the Motion to Remand. See Plaintiff's Motion to Stay Proceedings Pending Resolution of Motion to Remand (Dkt. #8) ("Motion to Stay"). Specifically, Plaintiff sought to stay consideration of Lawson's Motion to Dismiss to the extent that the motion sought dismissal of Plaintiff's action or the dismissal of Lawson from that action. See Motion to Stay at 1-2. Plaintiff also filed a separate

objection to Lawson's Motion to Dismiss.  See Plaintiff's Objection to Defendant James Lawson's Motion to Dismiss (Dkt. #9).

Lawson objected to the Motion to Stay on September 28, 2010. See Objection to Motion to Stay Proceedings (Dkt. #10) ("Objection to Motion to Stay").  Also on September 28th, Lawson filed a corrected version of Lawson's Motion to Dismiss.  See Lawson's Corrected Motion.  On October 4, 2010, Lawson filed a document entitled "For Informational Purposes Only Regarding the October 17[3] Hearing" (Dkt. #13).

The Court conducted a hearing on October 19, 2010.  After listening to oral argument, the Court granted Plaintiff's Motion to Stay.  The Court did so because Plaintiff's Motion to Remand questions whether this Court has subject matter jurisdiction and, therefore, that motion had to be heard first.  See Audio Visual Mart, Inc. v. Telesensory Corp., Civ. A. No. 96-2243, 1996 WL 495151, at *1 (E.D. La. Aug. 29, 1996)("Since the Court's subject matter jurisdiction has been questioned, the Court must consider the motion to remand first.").

III.  Discussion

Plaintiff advances three grounds for its Motion to Remand. First, it contends that Lawson's Notice of Removal was filed with

---

[3] The reference to an October 17th hearing appears to be a typographical error as no hearing was scheduled for October 17, 2010.

the wrong court.  Motion to Remand at 1.  Second, Plaintiff

asserts that the removal was untimely.  Id.  Third, Plaintiff

represents that the Notice of Removal has not been joined by all

defendants and, therefore, violates the rule of unanimity.  Id.

The Court addresses each of these grounds and also briefly

considers Lawson's arguments which are largely inapposite.

**A.  The Wrong Court**

28 U.S.C. § 1446(a) provides in relevant part:

> A defendant or defendants desiring to remove any civil
> action ... from a State court shall file **in the district
> court of the United States for the district and division
> within which such action is pending** a notice of removal
> signed pursuant to Rule 11 of the Federal Rules of Civil
> Procedure and containing a short and plain statement of
> the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant
> or defendants in such action.

28 U.S.C. § 1446(a) (bold added).  It is plain from the above

language that Lawson should have filed his Notice of Removal in

the U.S. District Court for the Northern District of Florida,

which is "the district court of the United States for the

district and division within which such action [was] pending

...."  Id.  As a result, his Notice of Removal is procedurally

defective because it has been filed in the wrong court and

violates 28 U.S.C. § 1446(a).  Accordingly, this action should be

remanded to the Florida Circuit Court.  See Wilbert v. Unum Life

Insurance Co., 981 F.Supp. 61, 62-63 (D.R.I. 1997)("Pursuant to

28 U.S.C. § 1447(c), the Court must grant a motion to remand if

it determines that it lacks subject matter jurisdiction over the suit or if removal was procedurally defective.  A court should resolve any doubt in favor of remand, as the removal statute is to be narrowly interpreted.")(footnote omitted).

### B.  Untimeliness

28 U.S.C. § 1446(b) provides in relevant part:

> The notice of removal of a civil action or proceeding
> shall be filed within thirty days after the receipt by
> the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based, or within
> thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in
> court and is not required to be served on the defendant,
> whichever period is shorter.

28 U.S.C. § 1446(b).  This action was filed in the Florida Circuit Court on March 26, 2010.  See Plaintiff's Remand Mem. at 4.  Jurisdiction over the nonresident defendants was premised upon Florida's Long Arm Statutes.  See id.; see also Complaint ¶¶ 2-7; Fla. Stat. §§ 48.181, 48.193 (1995).  At the time of the filing, the amount in controversy exceeded the $75,000.00 threshold contained in 28 U.S.C. § 1332(a), see Complaint ¶ 14 (stating that "there remains unpaid $113,378.99"), and neither the two then-named corporate defendants, LGS Consulting and LGS Group, nor the individual defendant, Lawson, were citizens of the State of Florida, see id. ¶¶ 2, 3, 5.  Both LGS Consulting and LGS Group are limited liability companies, organized under the laws of the state of Delaware, with principal places of business

in Lincoln, Rhode Island, <u>see</u> Complaint ¶¶ 2, 3, and are,

therefore, citizens of Delaware and Rhode Island for purposes of

28 U.S.C. § 1332.[4]  Lawson is a resident of Rhode Island.  <u>See</u>

Complaint ¶ 5; <u>see also</u> Lawson's Corrected Motion at 5 (stating

that "Lawson is a citizen of Rhode Island [and] has been for 67

years").[5]  Given these facts, the case as filed in the Florida

Circuit Court satisfied the diversity jurisdictional

requirements, as set forth in 28 U.S.C. § 1332.[6]

---

[4] 28 U.S.C. § 1332(c) provides in pertinent part:

(c) For the purposes of this section ...

> (1) a corporation shall be deemed to be a citizen of any
> State by which it has been incorporated and of the State
> where it has its principal place of business ....

> ....

28 U.S.C. § 1332(c).

[5] Lawson agrees that LGS Consulting is a Delaware corporation and
also that it was "[a]t all times ... a citizen of Rhode Island,
operating out of Rhode Island."  Corrected Motion at 2.  He also
concurs that LGS Group was a Delaware corporation. <u>Id.</u>  However,
Lawson alleges that LGS Group "cease[d] performing third party
services in 2007," <u>id.</u>, and that it "became a consolidated division of
LGS Group ... in 2008, performing accounting, payroll, purchasing and
like services for LGS Group ...," <u>id.</u>

[6] 28 U.S.C. § 1332 provides in relevant part:

(a) The district courts shall have original jurisdiction of
all civil actions where the matter in controversy exceeds the
sum or value of $75,000, exclusive of interest and costs, and
is between--

> (1) citizens of different States;

> ....

28 U.S.C. § 1332(a).

LGS Consulting's registered agent was personally served on April 30, 2010, and Lawson was personally served on April 8, 2010. See Plaintiff's Remand Mem. at 5. The thirty day period specified in 28 U.S.C. § 1446(b) for removal expired on Monday, May 31, 2010, with respect to LGS Consulting and on Monday, May 10, 2010, with respect to Lawson. See id. Consequently, Lawson's Notice of Removal which was filed with this Court on August 6, 2010, and with Florida Circuit Court on August 9, 2010, is procedurally defective because it was not timely filed as required by 28 U.S.C. § 1446(b). Lawson's assertion to the contrary, see Notice of Removal ¶ 21 ("The removal to Federal Court is timely and within the time frame to file a timely answer to the Circuit Court of Taylor County[,] Florida."), is rejected as it ignores the plain language of the statute. Therefore, the action should be remanded because the removal was untimely. See Wilbert, 981 F.Supp. at 62-63.

## C.  Rule of Unanimity

Plaintiff argues that Lawson's Notice of Removal is also procedurally defective in that LGS Consulting has not manifested its clear and unequivocal consent to same within the thirty day period prescribed by 28 U.S.C. § 1446(b). Plaintiff's Remand Mem. at 5. This Court has succinctly held that "[i]n a multi-defendant case, all defendants must 'join' in the removal petition." Sansone v. Morton Machine Works, Inc., 188 F.Supp.2d

182, 184 (D.R.I. 2002).  The consent of each "must be manifested clearly and unambiguously to the Court within the statutorily prescribed thirty days.  Failure to do so constitutes a 'defect in removal procedure' and is grounds for remand."  Id. (citations omitted).

As already noted, prior to the filing of Lawson's Notice of Removal, the thirty day removal period prescribed by 28 U.S.C. § 1446(b) had expired with respect to both defendants.  Lawson's Notice of Removal, itself untimely, was not signed on behalf of LGS Consulting and contains no indication that LGS Consulting consented to it.  Cf. Sansone, 188 F.Supp.2d at 185 (distinguishing Sicinski v. Reliance, 461 F.Supp. 649, 652 (S.D.N.Y. 1978), because there "the removal petition stated that the defendant signing the petition had been authorized by the other defendant to consent to removal on its behalf").  Because LGS Consulting has failed to manifest its clear and unequivocal consent to the removal within the statutorily prescribed thirty days, the removal was procedurally improper.  Accordingly, the case should be remanded for this additional reason.

### D.  Lawson's Arguments

Almost all of Lawson's arguments with respect to the Motion to Remand are inapposite and do not respond to the procedural deficiencies which Plaintiff has identified with respect to the filing of the Notice of Removal.  For example, Lawson contends

that this action was filed in the Florida Circuit Court in
violation of the automatic stay which resulted from the LGS
Group's filing of the Chapter 7 Bankruptcy Petition in the United
States Bankruptcy Court for the District of Rhode Island.  <u>See</u>
Corrected Motion at 4.  He also contends that the stay applied
not only to LGS Group, but also to LGS Consulting because it
allegedly had been consolidated with LGS Group.  <u>See</u> <u>id.</u> at 2, 4;
<u>see also</u> Objection to Motion to Stay at 6 ("The Plaintiff['s]
case filed in Taylor County Circuit Court is/was an illegal
filing on the part of the Moving Party in March 2010.  The filing
was barred by the Chapter Seven Filing of the Defendant LGS Group
and LGS Consulting, LLC.").[7]

    Lawson additionally attempts to argue the merits of the
action.  He disputes that he signed the Credit Application which
Plaintiff contends constitutes the contract on which this action

---

[7] Plaintiff disputes that the bankruptcy stay also applies to LGS
Consulting.  <u>See</u> Memorandum of Law in Support of Objection to
Defendant James Lawson's Motion to Dismiss ("Plaintiff's Objection
Mem.") at 6 ("LGS Group is the sole Chapter 7 debtor, and the sole
entity entitled to the protections of 11 U.S.C. § 362.").  Plaintiff
also points out that "Section 362(a) automatically stays proceedings
against the debtor only and not co-debtors.  Further Section 362 does
not apply automatically to action[s] against a debtor's principals,
partners, officers, employees, guarantors, or sureties."  <u>Id.</u> (quoting
<u>Rhode Island Hosp. Trust Nat'l Bank v. Dube</u>, 136 F.R.D. 37, 39 (D.R.I.
1990); <u>see also</u> <u>Winters v. George Mason Bank</u>, 94 F.3d 130, 133 (4th
Cir. 1996)("It is well settled that the automatic stay does not apply
to non-bankrupt codebtors, nor does the automatic stay prevent actions
against guarantors of loans.")(internal citation omitted); <u>In re Kevin
W. White</u>, 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009)("Generally, the
automatic stay protects the bankruptcy debtor and does not bar suits
against third parties, such as nondebtor entities, even when wholly
owned by the debtor, or the debtor's insurers, guarantors, and
sureties.").

is brought.  <u>See</u> Corrected Motion at 3.  Lawson also appears to
dispute the authenticity and/or validity of the Credit
Application itself, <u>see</u> <u>id.</u>, and contends that the words
allegedly constituting his personal and individual guarantee of
payment (on which Plaintiff relies as a basis to sue Lawson
personally) have been crossed out.  <u>See</u> <u>id.</u>  He identifies other
alleged deficiencies in the purported contract which he contends
make it unenforceable.  <u>See</u> <u>id.</u>  In addition, he accuses
Plaintiff of perpetrating a fraud on the Florida court.  Thus, in
Lawson's view, because the Florida Circuit Court action was
allegedly brought in violation of the bankruptcy stay and because
the action itself lacks any merit, this Court should dismiss it.
<u>See</u> <u>id.</u> at 7 ("the Plaintiff is attempting to proceed with a[n]
illegal[ly] filed case with frivolous claims on a copy of an un-
notarized credit application that was not witnessed by any human
individual").

Lawson appears not to recognize that before this Court can
consider any of these arguments, the Court must first be
satisfied that the case has been properly removed and that
subject matter jurisdiction exists.  Because the Court has
determined (for the reasons already stated) that the action was
not properly removed from the Florida Circuit Court, subject
matter jurisdiction is not present.  Accordingly, the Court may
not consider most of Lawson's procedural and substantive

arguments.

### E.  Attorneys' Fees

28 U.S.C. § 1447 provides that "[a]n order remanding the
case may require payment of just costs and any actual expenses,
including attorney fees, incurred as a result of removal."  28
U.S.C. § 1447(c).  The Supreme Court of the United States has
noted that "[t]he process of removing a case to federal court and
then having it remanded back to state court delays resolution of
the case, imposes additional costs on both parties, and wastes
judicial resources" and that "[a]ssessing costs and fees on
remand reduces the attractiveness of removal as a method for
delaying litigation and imposing costs on the plaintiff."  Martin
v. Franklin Capital Corp., 546 U.S. 132, 140, 126 S.Ct. 704
(2005).  The standard for awarding costs and attorneys' fees
under 28 U.S.C. § 1447(c) turns on the reasonableness of the
removal, and such award is authorized "where the removing party
lacked an objectively reasonable basis for seeking removal."  Id.
at 141.

Plaintiff argues that "the plain language of the removal
statute expressly mandates the appropriate forum in which a
notice of removal must be filed and the applicable time
limitation within which such a filing must occur."  Plaintiff's
Remand Mem. at 7.  Plaintiff also argues that Lawson cannot
credibly claim ignorance of these rudimentary concepts because he

13

himself cites 28 U.S.C. § 1446 in his Notice of Removal.  <u>See</u>
<u>id.</u>; <u>see also</u> Notice of Removal ¶ 3.  Additionally, Plaintiff
notes that Lawson proffers no authority in support of either his
choice of forum or the timeliness of his removal.  <u>See</u> <u>id.</u> ("This
absence of supporting citation is understandable since the weight
of authority is unanimously contrary to Lawson's position ....").

Plaintiff concludes its request for attorneys' fees by
stating:

> When considered in light of the particular issues
> involved in this case, the numerous and glaring
> procedural defects in his removal demonstrate that Lawson
> wholly lacked any objectively reasonable basis for
> seeking removal.  While in state court, Lawson filed a
> motion to dismiss, and only *after* this motion was denied,
> and he was ordered to answer Plaintiff's *Complaint*, did
> Lawson seek untimely removal to an improper court over
> 1200 miles away.  These circumstances create the
> reasonable presumption that Lawson's actions were taken
> for the purpose of delaying the resolution of this case
> and imposing additional expense upon the Plaintiff.
> These purposes, thus far, have been accomplished, and can
> only be thwarted by requiring Lawson to pay all of
> Plaintiff's just costs and actual expenses, including
> attorneys' fees, pursuant to 28 U.S.C. § 1447(c).

Plaintiff's Remand Mem. at 7-8.

Plaintiff's argument for the award of attorneys' fees and
costs in connection with this Motion is not unpersuasive.  This
Court agrees with Plaintiff that it should have been apparent to
Lawson from a reading of 28 U.S.C. § 1446(a) that the only court
to which he could properly seek to remove the action was the U.S.
District Court in the district where the action was pending.
Although Lawson is representing himself in this matter and is not

an attorney, these circumstances do not absolve him from complying with the relevant rules of procedural law.  See Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994)("the right of self-representation is not a license not to comply with relevant rules of procedural and substantive law")(internal quotation marks omitted); see also Ruiz Rivera v. Riley, 209 F.3d 24, 28 n.2 (1st Cir. 2000)("We have consistently held that a litigant's pro se status [does not] absolve him from compliance with [either] the Federal Rules of Civil Procedure [or] a district court's procedural rules.") (alterations in original).

The only considerations weighing against the award of attorneys' fees and costs which this Court can identify are: (1) that Lawson "is currently retired on Social Security, with limited resources ...," Notice of Removal ¶ 19, (2) that Plaintiff is a corporation and presumably able to pay its own attorneys' fees, (3) that Lawson may not have realized at the time he removed this action that 28 U.S.C. § 1447(c) provides for an award of costs and attorneys' fees where the removal is improper, and (4) that, if Lawson's claims as to his lack of contacts with Florida and the meritlessness of Plaintiff's action are true, an award of attorneys' fees and costs would be the equivalent of "piling on" a pro se defendant who is already at a disadvantage in trying to defend a lawsuit from a distance of

15

1200 miles.  Accordingly, I do not recommend that the request for attorneys' fees and costs be granted at this juncture.[8]

## IV.  Summary

In summary, the Motion to Remand should be granted because the case was removed to the wrong court, the removal was untimely, and the Notice of Removal was not joined in by the other remaining defendant, LGS Consulting.  I so recommend.  Most of Lawson's arguments in opposition to the Motion are unavailing because they cannot be considered unless the case is properly in this Court, and it is not.  Although Plaintiff's request for an award of attorneys' fees and costs has a substantial basis, in consideration of Lawson's pro se status and the circumstances of the case, the request should be denied.

## V.  Conclusion

For the reasons stated above, I recommend that the Motion to Remand be granted and that this action be remanded to the Circuit Court of the Third Judicial District in and for Taylor County, Florida.  I additionally recommend that Plaintiff's request for an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) be denied.

Any objection to this Report and Recommendation must be

---

[8] The Court notes that after this Report and Recommendation is issued the consideration that Lawson may not have understood that his actions with respect to the instant removal could subject him to an award of attorneys' fees and costs no longer applies.  He now clearly has notice of such possibility.

specific and must be filed with the Clerk of the Court within

fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b);

DRI LR Cv 72(d).  Failure to file specific objections in a timely

manner constitutes waiver of the right to review by the district

court and the right to appeal the district court's decision.  <u>See</u>

<u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986);

<u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st

Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
October 21, 2010

17